**In re CENTRAL HOBRON ASSOCIATES, Debtor.**

**Z–R CORPORATION, Dora Kong, and Stanley Shin, Trustee, CJMD Realty, Inc., Plaintiffs,**

v.

**CENTRAL HOBRON ASSOCIATES, Defendant.**

**Bankruptcy No. 83–0027.**

United States Bankruptcy Court, D. Hawaii.

June 8, 1983.

Terry Day, Boyce R. Brown, Jr., Honolulu, Hawaii, for plaintiffs.

William Dodd, Honolulu, Hawaii, for defendant.

Patrick Taomae, Honolulu, Hawaii, for Fujinaga.

Albert Evensen, Honolulu, Hawaii, for Critcher of Hawaii Escrow & Title Co.

## ORDER GRANTING MOTION TO COMPEL DISCOVERY

JON J. CHINEN, Bankruptcy Judge.

This Order deals with the Motion for Order Compelling Discovery filed on February 22, 1983 by Z–R Corporation, Dora Kong, Stanley Shin, Trustee and CJMD Realty, Inc., hereafter "Plaintiffs", against James Allyn, hereafter "Allyn", Edwin Fujinaga, hereafter "Fujinaga", John Critcher, hereafter "Critcher", and Ralph Cornuelle, hereafter "Cornuelle".

As background to this procedural motion, it is helpful to give a brief summary of the extensive activity and filings accummulated in the short time since the initial filing. The action commenced with the February 1, 1983 filing by Z–R Corporation, Dora Kong and Stanley Shin, Trustee, hereafter "petitioners", of a Complaint for Injunctive Relief and a Motion for a Temporary Retraining Order against Central Hobron Associates, hereafter "CHA". The Motion for Temporary Restraining Order was initially heard on February 4, 1983, at which time this Court granted the Temporary Restraining Order enjoining SAJE Ventures II or CHA from disbursing $900,000 until a further hearing on February 7, 1983, without requiring that petitioners post security.

The hearing on the Motion for Temporary Restraining Order was continued to February 7, 1983 and subsequently to February 8, 1983, and Amended Orders extending the Temporary Restraining Order were entered.

On February 8, 1983, counsel orally stipulated to continue the Temporary Restraining Order until the hearing on the Motion for Preliminary Injunction, scheduled for February 22, 1983. The Court then ruled that all parties could begin discovery once the Motion for Preliminary Injunction was filed. The written Order Granting Plaintiff's Oral Motion to Commence Discovery was filed February 16, 1983.

On February 11, 1983, Plaintiffs filed various notices of Taking Deposition upon Oral Examination, regarding the depositions of several individuals scheduled for February 15, 16, and 19, 1983. Also on February 11, 1983, plaintiffs issued Subpoena to Witness and Subpoena Duces Tecum to the same individuals requesting their appearance and production of documents at the scheduled depositions.

On February 12, 1983, plaintiffs filed their motion for Preliminary Injunction.

Due to the refusal by Allyn, Fujinaga, Critcher, and Cornuelle and/or their counsel to answer questions at the scheduled depositions, the instant Motion for Order Compelling Discovery was lodged with the Court on February 18, 1983, filed on February 22, 1983, the same day on which the Motion for Preliminary Injunction was heard. At this hearing, an oral ruling granting the motion and setting a bond was made and subsequently a written Order Granting the Preliminary Injunction was filed on March 15, 1983. A hearing of the Complaint is set before the undersigned judge on June 21, 1983.

Against this background, the instant motion to compel discovery can be seen as part of a continuing struggle among the parties in the instant action, which has been fraught with procedural delays. In attendance at the May 12, 1983 hearing were Boyce R. Brown and Terry Day representing plaintiffs, William Dodd representing Allyn and Cornuelle, Patrick Taomae representing Fujinaga and Albert Evensen representing Critcher.

At this hearing, the attorneys for the witnesses stated that the deponants did not

answer questions posed because the questions were not relevant to the issues in the Motion for Preliminary Injunction. As for the refusal to produce documents, the attorney contended that (1) the documents requested were not relevant to the issues in the Motion for Preliminary Injunction and (2) that the subpoena duces tecum was not the proper procedure for the production of documents for a deposition.

Attorneys for plaintiffs contended that the questions were relevant or may lead to relevant issues and thus were proper, and that a subpoena duces tecum may be used for the production of documents at a deposition.

The Court having reviewed the memoranda and documents submitted in support of the motion, having heard the arguments of counsel at the hearing and having read the transcripts submitted as part of the record, makes the following findings;

■ No authority having been presented to the court for the claim that a Subpoena Duces Tecum is not a proper procedure for requiring production of documents at a deposition and given the antagonistic and dilatory tacts by counsel revealed in the transcripts herein, the Court finds that this argument is not dispositive. Plaintiffs have the right to request that documents relevant to their claim be produced through the discovery process and to require production through the subpoena process.

■ For the Court to grant a Motion for Preliminary Injunction, plaintiffs must show a likelihood of succeeding in their claim under the Complaint. In order to do this, plaintiffs herein must show that they are entitled to collect the balance allegedly owing them, that if CHA, Charles Pankow and/or SAJE Ventures II were permitted to disburse the money, plaintiffs would suffer irreparable injury. Questions relevant to these issues or which may lead to information relevant to these issues were properly part of the discovery plaintiffs sought to conduct, both by deposition and by production of documents.

Regarding the objections of Allyn and Fujinaga, the questions asked and the documents requested went to the merits of the claims raised in the Complaint. Given the plaintiffs' burden of showing a likelihood of succeeding on the merits, the Court finds the failure to answer questions and to produce subpoenaed documents to be without properly sustainable excuse.

With reference to Critcher, because of the stipulation previously entered which limits the scope of the deposition, the Court finds no violation on the part of Critcher or Hawaii Escrow & Title. The Court nevertheless hereby directs Hawaii Escrow and Title to produce all the documents subpoenaed by Plaintiffs. The Court further finds that counsel for defendants unnecessarily interferred with Critcher's deposition, for which counsel should be sanctioned. The Court directs that said counsel further refrain from such interference with plaintiffs' discovery efforts.

■ With reference to Cornuelle's deposition, this Court finds it was not necessary to pay witness fees to Cornuelle's counsel for a previous hearing in order to require that Cornuelle remain and be deposed. The time wasted in resolving this issue resulted in unnecessary delay which is compensable to plaintiffs' attorneys.

The Court will award costs to plaintiffs for attorneys' fees necessitated by defendant's refusal to cooperate in the depositions upon the submission by plaintiffs' attorneys of time sheets and an explanation for the need to have two attorneys at the deposition.

The Court further notes that counsel for Allyn and Cornuelle contended that the Motion to Compel became moot with the issuance of the Order Granting the Motion for Preliminary Injunction. As discussed above, since the information sought in the discovery process herein goes to the likelihood of plaintiff's prevailing on the merits, and since the final hearing on the merits of the complaint is yet to be heard before this Court, the discovery sought remains relevant and necessary for plaintiffs and the

Motion for Order Compelling Discovery is hereby granted.